# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL BRUNO | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-09-3086 |
| TONY V. NERY, *et al.* | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending is defendants' motion to dismiss or for summary judgment.[1] Paper No. 11. Plaintiff opposes the motion. Paper No. 14. Upon review of the papers filed, the court finds a hearing in this matter unnecessary at this time. *See* Local Rule 105.6 (D. Md. 2009).

### Background

Plaintiff alleges on November 16, 2006, during a search of his cell, Officer Tony Nery threw him against the wall and handcuffed him behind his back. He states he remained handcuffed for 45 to 55 minutes despite the fact that for 16 years he has had a medical order requiring him to be cuffed only in the front. Paper No. 1 at p. 37. Plaintiff claims he told Nery about the medical order but Nery stated he did not care and cuffed him behind his back anyway. When plaintiff was being handcuffed he claims his shoulders were popping and cracking and became dislocated from the joint. He claims the incident caused lasting pain in his shoulders and required him to pop his shoulder back into the joint. *Id*. at p. 10. Plaintiff also alleges that during the shakedown search of his cell certain items of property were damaged or thrown away without cause and, specifically, claims his medication was thrown away.

Plaintiff attaches an administrative remedy procedure request (ARP) to his complaint in

---

[1] The motion is filed on behalf of defendants Chaney, Dayhoff, Oakley, Rouse, Rowley, Smith, Stouffer, and Younker, despite the fact that service was never accepted on behalf of Smith, Chaney and Younker. Service was not accepted on behalf of defendants Nery and Hoff, nor was a response to the complaint filed on their behalf.

which he raises the claims regarding Nery and the search of his cell. The initial response to the ARP was that there was no evidence to support his claims and that there was no evidence that a medical order was issued requiring him to be cuffed in front. *Id.* at p. 20. Plaintiff appealed the response and it was then acknowledged that a medical order for cuffing him in front did in fact exist, but that he had suffered no injury and the property taken from his cell was "nuisance contraband." *Id*. at p. 29.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses'

2

credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

Defendants Chaney, Dayhoff, Oakley, Rouse, Rowley, Smith, Stouffer, and Younker were not directly involved in the decision to handcuff plaintiff behind his back in contravention of medical orders. Their role as supervisors does not automatically expose them to liability for the conduct of other officers, as liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under 42 U.S.C. § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

In his opposition, plaintiff asserts that the supervisory defendants bear responsibility for the actions taken because they either knew about the medical order requiring him to be handcuffed in front and did nothing to insure that Officer Nery did not violate that order, or they discouraged the investigation into the incident. Specifically, plaintiff states Lt. Bryan Smith knew about the order to cuff him only in the front and sent him to his cell to be searched by Officer Nery. Paper No. 14 at p. 3. Plaintiff further states that Smith has known him for eight or nine years and knows that he has never been a member of a gang, nor has he presented any disciplinary problems during his incarceration. *Id.* at p. 4. Yet, plaintiff states, Smith insisted that plaintiff comply with the orders given by Nery. *Id*. at p. 4. Plaintiff admits, however, that Smith left the area prior to Nery cuffing him behind his back and slamming him against the wall.[2] *Id*.

With respect to Captain Chaney, plaintiff states he investigated his complaint regarding the incident 115 days after it occurred, a violation of prison procedures regarding time frames. *Id.* at p. 5. He further claims that Chaney and Smith engaged in a cover-up of the incident by obtaining false statements and concealing what occurred. *Id*. at p. 5. Plaintiff further states that even after he showed Chaney the paperwork and his identification badge indicating the cuff in front orders, he still said there was no medical order requiring it. *Id*. at p. 5. With respect to defendant Younker, the ARP coordinator, plaintiff states she never gave him the original complaint back, forcing him to miss a filing deadline to appeal to the Commissioner. *Id*. at p. 6.

---

[2] Plaintiff also asserts that Lt. Smith participated in the destruction of his personal property during the cell search by providing Nery with tools to open his television set. Paper No. 14 at p. 4. The allegations regarding destruction and confiscation of personal property do not state a constitutional claim. Sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).

He further contends that Warden Rouse took steps to cover up the incident, including transferring plaintiff to a different prison while his complaint was pending.

Plaintiff has failed to establish supervisory liability against any of these supervisory defendants, however, because he has not alleged an affirmative causal link between these defendants' inaction and the alleged constitutional violation. Defendants Chaney, Younker, and Rouse are alleged to have helped conceal the handcuffing incident, yet plaintiff has not alleged that they played any role in causing the incident in the first place. Although Lt. Smith ordered plaintiff to cooperate with Officer Nery's search and knew of the medical order, there is no allegation that Lt. Smith knew Officer Nery would handcuff plaintiff behind his back. Indeed Lt. Smith left the room before Officer Nery handcuffed plaintiff. Plaintiff has raised no reason to presume that Lt. Smith should have known that Officer Nery would violate plaintiff's medical order. Therefore, plaintiff has not established the element of causation necessary to assert a claim for supervisory liability under § 1983.

Plaintiff also has not alleged a claim for civil conspiracy under § 1983. To establish a civil conspiracy claim under § 1983, plaintiff must present evidence that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy," which resulted in deprivation of a constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element for a claim of conspiracy to deprive plaintiff of a constitutional right is a positive or tacit agreement to do so among the alleged co-conspirators. *See id*. Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagen, Inc. v. First Nat'l Bank of South Carolina*, 639 F.2d 1073, 1076 (4th Cir. 1981). Plaintiff must allege facts establishing that defendants shared a

5

"unity of purpose or a common design" to injure him. *Am. Tobacco Co. v. United States*, 328 U.S. 781, 810 (1946). In the instant case, plaintiff has failed to allege facts sufficient to conclude that there was an agreement between Nery and Lt. Smith or the other supervisory defendants to deprive plaintiff of his constitutional rights. Thus, defendants Chaney, Dayhoff, Oakley, Rouse, Rowley, Smith, Stouffer, and Younker are entitled to summary judgment as they cannot be held responsible under the doctrine of respondeat superior, or under a theory of civil conspiracy.

Plaintiff alleges Officer Nery engaged in excessive force against him when he handcuffed him behind his back and slammed him against a wall. Paper No. 1 and 14. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (internal quotation marks omitted). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010). The extent of injury incurred is one factor indicative of whether or not the force

used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. Because Nery was never served with the complaint there is no substantive response to plaintiff's excessive force claim and the matter remains a disputed material fact. Accordingly, counsel will be directed to file, under seal, Nery's last known home address so that the complaint may be served on him. All remaining claims shall be dismissed; a separate order follows.

  June 3, 2010                                                                                                       /s/
Date                                                                                                          Catherine C. Blake
                                                                                                          United States District Judge