# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL BRUNO | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-09-3086 |
| TONY V. NERY, *et al.* | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM**

Pending is defendant's motion to dismiss or for summary judgment, construed as a motion for summary judgment. ECF No. 26. Although plaintiff was advised of his right to oppose the motion and of the consequences of failing to oppose it, he has filed nothing further in this case. For the reasons that follow, the motion for summary judgment shall be granted.

### Background

Plaintiff alleged that on November 9, 2006, Officers Nery and Dixon[1] conducted a shakedown of his prison cell while he was confined at Maryland Correctional Institution at Hagerstown (MCIH). He claims that despite a long-standing medical order for him to be handcuffed only in the front, Nery cuffed his hands behind his back causing his right shoulder pain and swelling. ECF No. 1.

Nery states in an affidavit that he was not involved in searching plaintiff's cell as he was assigned to work in another area of the prison on November 9, 2006. ECF No. 26 at Ex. A. In addition, he provides copies of duty logs indicating he was assigned to work C Wing in the Antietam Housing Unit on the date in question. ECF No. 27. Nery further avers that there was

---

[1] Previously summary judgment was granted in favor of Chaney, Dayhoff, Oakley, Rouse, Rowley, Smith, Stouffer, and Younker. ECF No. 15 and 16. Dixon was not named as a defendant in the complaint.

another correctional officer who bore a physical resemblance to him and plaintiff may have mistaken him for Nery. ECF No. 26 at Ex. A.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The undisputed evidence establishes that Nery did not participate in the wrongs alleged. Accordingly, he is entitled to summary judgment in his favor. A separate order follows.

_____ _____
Date                                                                                          Catherine C. Blake
                                                                                                      United States District Judge